**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EPAC TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-mc-00013** |
| | ) | **NO. 1:18-mc-00388** |
| **KOHLBERG & CO., LLC,** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **Respondent.** | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |

**ORDER**

This miscellaneous action arises out of a subpoena for the production of documents issued by EPAC Technologies, Inc., to non-party Kohlberg & Co., LLC, in the related case of EPAC Technologies, Inc. v. HarperCollins Christian Publishing, Inc., f/k/a Thomas Nelson, Inc., Case No. 3:12-cv-00463 (M.D. Tenn.). Kohlberg objected to the subpoena, and EPAC filed a motion to compel production of the requested documents in the United States District Court for the Southern District of New York. (Doc. No. 1.) After receiving full briefing on the motion (Doc. Nos. 1, 4, 9, 15), that court found extraordinary circumstances warranted transferring the motion to compel to this District (Doc. No. 16). For the reasons that follow, EPAC's motion to compel will be denied.

The fact that EPAC's subpoena to Kohlberg and its motion to compel are both untimely is dispositive. The case management order issued by this Court on June 12, 2018, directed that "[t]he parties shall serve any outstanding discovery requests by June 18, 2018, including for discovery previously requested that a party asserts has not been provided." (Case No. 3-12-463, Doc. No. 457.) All discovery motions were ordered to be filed by July 16, 2018, and written discovery closed in full on July 31, 2018. (Id.) EPAC issued its subpoena to Kohlberg on July 17, 2018, twenty-

nine days after the deadline to serve outstanding discovery requests. (Doc. No. 1-5.) EPAC filed its motion to compel on August 22, 2018, thirty-seven days after all discovery motions were to be filed. (Doc. No. 1.)

EPAC did not seek an extension of time in which to pursue this discovery and does not now argue that its subpoena or motion was timely filed under the Court's scheduling order. That alone is reason enough to deny EPAC's motion. See, e.g., Pittman v. Experian Info. Sols., Inc., 901 F.3d 619, 643 (6th Cir. 2018) (holding that district court does not abuse its discretion by denying an untimely motion to compel); Craig-Wood v. Time Warner N.Y. Cable LLC, 549 F. App'x 505, 508 (6th Cir. 2014) ("In general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines . . . ."); Spurlock v. Whitley, 79 F. App'x 837, 839 (6th Cir. 2003) (affirming district court's denial of tardy motion to compel where party "failed to make a serious effort" to obtain the discovery before the deadline); Ginett v. Fed. Express Corp., No. 97-5481, 1998 WL 777998, at *5 (6th Cir. Oct. 21, 1998) (affirming district court's denial of motion to compel as untimely when filed after the deadline for discovery motions and when party seeking to compel could have sought discovery earlier in the litigation).

Denial of EPAC's untimely motion in this case is bolstered by the fact that EPAC already obtained extensive discovery from Kohlberg in response to a subpoena issued in September 2014. (Doc. No. 10-1.) Kohlberg produced 4,690 pages of documents to EPAC at that time, and EPAC did not seek to compel any further production.[1] (See Doc. No. 1-2 at 9 n.5; Doc. No. 9.) Much of

---

[1] EPAC also noticed a deposition of Kohlberg's representative under Federal Rule of Civil Procedure 30(b)(6) in 2014. (Doc. No. 1-2 at 10 n.6.) It apparently noticed that deposition again for August 21, 2018, but cancelled the deposition two days before it was to take place in anticipation of filing this motion to compel. (Id.)

what EPAC now seeks is duplicative of information requested in its first subpoena, and all of what it now seeks it was in Kohlberg's control in 2014.[2] The good cause that might justify a tardy motion in other circumstances is not offered by EPAC's second bite at this apple.

For these reasons, EPAC's motion to compel is **DENIED**.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

[2] EPAC states that it issued the 2018 subpoena after Kohlberg removed an "attorney's eyes only" designation from its 2014 production on June 25, 2018, allowing EPAC's CEO to view the documents for the first time. (Doc. No. 1-2 at 9–10 n.5.) EPAC does not state what the CEO gleaned from Kohlberg's production that its attorneys were not able to identify over the four years that they had access to the discovery.